# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RUBY BRIGGS, )
)
       Plaintiff, )
)
v. ) No. CIV-05-145-FHS
)
MICHAEL J. ASTRUE, Commissioner )
Social Security Administration, )
)
       Defendant. )

## ORDER

Plaintiff, Ruby Briggs, has moved the court for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks attorney's fees in the amount of $12,358.15 and costs in the amount of $1,028.65. In response, the Commissioner asserts a partial objection. The Commissioner submits the attorney's fee award should be limited to $4,388.15, an amount which reflects work performed by counsel at the district court level prior to Plaintiff's appeal of this Court's December 14, 2005, Order remanding to the Administrative Law Judge ("ALJ"). The Commissioner asserts that his position after the initial district court proceedings was substantially justified and no fee for the subsequent proceedings should be awarded. The Commissioner also objects to $282.18 of costs as unsubstantiated. Having fully reviewed the record, the court disagrees with the Commissioner and finds that Plaintiff is entitled to be fully compensated as requested herein.

Section 2412(d)(1)(A) provides that a prevailing party other than the United States shall be awarded fees and other expenses unless the court finds that the position of the United States was substantially justified or that special circumstances make an award

1

unjust. With respect to EAJA applications in Social Security cases, the Commissioner has the burden of showing that his position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). The Commissioner must prove that his case had a reasonable basis in law and in fact. Id. "The term 'substantially justified' has been defined as 'justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Upon review of the record, the court concludes that the Commissioner's position following appeal was not substantially justified. The ALJ's initial determination as to an onset date was not supported by substantial evidence and was based on the application of incorrect legal standards. The "[ALJ] acknowledged [the medical expert's testimony] and ignored it in favor of his own, unsubstantiated opinion as to an estimated onset date." Magistrate's Findings and Recommendations, p. 13. Moreover, the litigation history following the Tenth Circuit's September 5, 2006, Order and Judgment remanding the case to this Court for determination on the merits of the onset date and the severity of Plaintiff's impairments, supports a finding that the Commissioner's position was not substantially justified. The Commissioner repeatedly urged for a remand of these proceedings for reevaluation without seeking a ruling on the merits of the ALJ's decision regarding the later onset date. These requests for remand continued even after the Tenth Circuit issued its Order and Judgment directing this Court to rule on the merits of the ALJ's decision. Under these circumstances, this Court's concludes the Commissioner's position herein was not substantially justified.

In opposition to the Commissioner's contention that $282.18 of costs have not been substantiated, Plaintiff attaches to his reply

2

brief a February 13, 2006, receipt from FedEx Kinko's. Plaintiff contends this receipt was inadvertently omitted from his initial brief and that it represents copying and binding expenses related to Plaintiff's Tenth Circuit brief. The Court finds this documentation and representation to be sufficient to support an award of costs in the amount of $282.18 for expenses associated with the prosecution of the appeal herein.

Consequently, Plaintiff's motion for attorney's fees and costs under the EAJA is granted. Plaintiff is entitled to be compensated in the amount of $12,358.15 for attorney's fees and in the amount of $1,028.65 in costs. This award is to be made payable to Plaintiff, not Plaintiff's counsel or jointly to Plaintiff and Plaintiff's counsel, as 28 U.S.C. § 2412(d)(1)(A) provides for an award of attorney's fees "to a prevailing party." <u>Manning v. Astrue</u>, 510 F.3d 1245, 1249-55 (10th Cir. 2007)(the plain language of the EAJA, its legislative history, and case law dictate that an award of attorney's fees under the EAJA belongs to, and is made payable to, the prevailing party). Should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), he should take the necessary steps to assure compliance with the refund requirements as outlined in <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

It is so ordered this 31st day of March, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

3